# United States District Court
## for the
# District of Alaska
### Petition for Warrant or Summons for Offender Under Supervised Release

| | | |
|---|---|---|
| Name of Offender: | Alex Wayne Smith<br>a/k/a Alex Wayne Johnston | Case Number 3:06-cr-36 |

Sentencing Judicial Officer: John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence: July 7, 2003 (Middle District of Florida)

Original Offense: Conspiracy to Commit Bank Fraud

Original Sentence: 13 months imprisonment (later reduced to 5 months), 3 years supervised release, $181,875 restitution to Bank of America

Date Supervision Commenced: January 7, 2004

Asst. U.S. Attorney: Not assigned                    Defense Attorney: Not assigned

---

## PETITIONING THE COURT

[ X ]   To issue a warrant
[  ]   To issue a summons

The probation officer believes that the offender has violated the following conditions of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The defendant has violated the Mandatory Condition of Supervision "The defendant shall not commit another federal, state, or local crime and shall not illegally possess a controlled substance," in that on or about December 27, 2005, the defendant committed the crimes of Assault in the 4th Degree, Criminal Mischief in the 4th Degree, and Interfering with a Domestic Violence Report in violation of Alaska State Law.   This violation is a Grade C violation. |
| 2 | The defendant has violated the Special Condition of Supervision "The defendant shall retrain from any unlawful use of a controlled substance" in that on or about February 9, 2006, the defendant provided a urine sample, which tested positive for the presence of marijuana.   This violation is a Grade C violation. |
| 3 | The defendant has violated the Special Condition of Supervision "The defendant shall retrain from any unlawful use of a controlled substance" in that on or about August 17, 2006, the defendant provided a urine sample, which tested positive for the presence of marijuana and the defendant admitted to using marijuana. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
Name of Offender        :    Alex Wayne Smith
Case Number             :    3:06-cr-36

U.S. Probation Officer Recommendation:

The term of supervised release should be:

> [X]  Revoked
> [ ]  Extended for _____ year(s), for a total term of _____ years.

[ ]  The conditions of supervised release should be modified as follows:

Respectfully submitted,

**REDACTED SIGNATURE**

/s/ Charlene Wortman
U.S. Probation/Pretrial Services Officer
Date: August 18, 2006

THE COURT ORDERS

[X] *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]  Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

8-18-06
Date

-3-

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(i), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case Number:3:06-cr-36 |
| ) | |
| vs. ) | DECLARATION IN SUPPORT OF PETITION |
| ) | |
| Alex Wayne Smith, ) | |
| aka Alex Wayne Johnston ) | |

I, Charlene Wortman, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Alex Wayne Smith, and in that capacity declare as follows:

On July 7, 2003, the offender was sentenced by the Honorable Gregory A. Oresnell, U.S. District Court Judge of the Middle District of Florida (Orlando), to 13 months imprisonment and three years supervised release for the crime of Conspiracy to Commit Bank Fraud. Additionally, the Court imposed restitution to Bank of America in the amount of $181,875 as part of the sentence.

On December 4, 2003, the sentence was reduced to five months imprisonment, three years supervised release and five months in a Community Corrections Program as a term of supervised release.

On January 7, 2004, the offender's supervised release commenced in the Middle District of Florida.

On January 5, 2005, Judge Oresnell, issued a summons for the offender to answer to alleged violations of his supervised release. The violations included failure to file his monthly supervision reports, being discharged from the Community Corrections Program, and providing a urine specimen, which tested positive for the presence of marijuana.

On February 15, 2005, the offender's supervised release was revoked and the offender was sentenced to "time served" and placed back on supervised release. As part of the revocation order, the Court ordered the offender to be transferred to Nikiski, Alaska to serve an additional time of supervised release.

On February 25, 2005, the offender arrived in Alaska and informed the probation office that he

had been ordered to live in Nikiski. Supervision was thereafter assumed in the District of Alaska.

On December 27, 2005, the offender committed the offenses of Assault in the 4th Degree, Criminal Mischief in the 4th Degree, and Interfering with a Domestic Violence Report.

On February 2, 2006, the jurisdiction of the case was transferred to District of Alaska.

On February 9, 2006, the offender provided a urine sample, which tested positive for the presence of marijuana. The sample was sent to a national testing laboratory and was confirmed to be a positive sample for the presence of marijuana.

On April 2, 2006, the offender's conditions were modified to included a condition for mental health treatment.

On April 12, 2006, the offender's conditions were modified to provide for drug testing up to 12 times per month.

On August 17, 2006, the offender provided a urine sample, which tested positive for the presence of marijuana. The offender was questioned and advised that he had in fact smoked marijuana approximately one week prior to the test.

Executed this 18th Day of August 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

REDACTED SIGNATURE


Charlene Wortman
U.S. Probation Officer