# United States District Court
## for the
# District of Alaska

### SUPPLEMENTAL Petition for Warrant or Summons for Offender Under Supervised Release

Name of Offender: Alex Wayne Smith aka Alex Wayne Johnston     Case Number: 3:06CR36 (JWS)

Sentencing Judicial Officer:     John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:     July 7, 2003 (Middle District of Florida)

Original Offense:     Conspiracy to Commit Bank Fraud

Original Sentence:     13 months imprisonment (later reduced to 5 months), 3 years supervised release

Date Supervision Commenced:     January 7, 2004

Asst. U.S. Attorney: Not assigned     Defense Attorney: Not assigned

## PETITIONING THE COURT

[X]     To issue a warrant *(A warrant was issued on August 18, 2006, upon the filing of the original petition. The warrant was served and the defendant has remained detained.)*

[ ]     To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
|---|---|
| 4 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on August 18, 2006, the defendant possessed paraphernalia related to a controlled substance, to wit: a marijuana pipe.   This violation is a Grade C violation. |
| 5 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on August 18, 2006, the defendant possessed a controlled substance, to wit: marijuana.   This violation is a Grade C violation. |

Case 3:06-cr-00036-JWS    Document 7    Filed 08/21/2006    Page 2 of 7

*Petition for Warrant or Summons*
*Name of Offender* : *Alex Wayne Smith aka Alex Wayne Johnston*
*Case Number* : *3:06CR36 (JWS)*

| | |
|---|---|
| 6 | The defendant has violated the Special Condition of Supervision "The defendant shall provide the probation officer access to any requested financial information and shall not incur any new debts or apply for credit without the prior approval of the probation officer," in that on or about August 13, 2006, the defendant attempted to open a new line of credit with Citibank. This violation is a Grade C violation. |
| 7 | The defendant has violated the Standard Condition of Supervision 1, "The defendant shall not leave the judicial district without permission of the court or probation officer," in that on or about July 6, 2006, the defendant left the judicial district of Alaska without the permission of his probation officer or the court. This violation is a Grade C violation. |
| 8 | The defendant has violated the Standard Condition of Supervision 6, "The defendant shall notify the probation officer at least ten (10) days prior to any change in residence or employment," in that on or about June 21, 2006, the defendant changed his residence without notifying his probation of the new address. This violation is a Grade C violation. |
| 9 | The defendant has violated the Special Condition of Supervision 2, "The defendant shall perform 75 hours of community work service as a condition of supervision in lieu of paying a fine," in that, to date, the defendant has not completed any hours of community work service. This violation is a Grade C violation. |
| 10 | The defendant has violated the Mandatory Condition, " The defendant shall pay restitution in the amount of $181,875.00, in accordance with the schedule of payments," in that the defendant failed to pay the monthly restitution payment of $100 per month, for May, June and July of 2006. This violation is a Grade C violation. |
| 11 | The defendant has violated the Standard Condition of Supervision 3, "The defendant shall answer truthfully all inquiries by the probation officer," in that on August 17, 2006, the defendant lied to the probation officer when he reported that he had paid his restitution payments and was current with the payment schedule. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

    [X]    Revoked
    [ ]    Extended for _____ year(s), for a total term of _____ years.

Case 3:06-cr-00036-JWS   Document 7   Filed 08/21/2006   Page 3 of 7

*Petition for Warrant or Summons*
*Name of Offender       :   Alex Wayne Smith aka Alex Wayne Johnston*
*Case Number            :   3:06CR36 (JWS)*

Respectfully submitted,

**REDACTED SIGNATURE**

Charlene Wortman
U.S. Probation/Pretrial Services Officer
Date: August 21, 2006

Approved by:

**REDACTED SIGNATURE**

Eric D. Odegard
Supervising U.S. Probation Officer

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender. The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.*

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[√]   Other: The Petition filed as document 4-1 is supplemented by this petition and the original warrant is to remain in effect.

[ ]   Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

8/21/06
Date

*Petition for Warrant or Summons*
*Name of Offender         :        Alex Wayne Smith aka Alex Wayne Johnston*
*Case Number              :        3:06CR36 (JWS)*

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.

**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

# United States District Court
for the
# DISTRICT OF ALASKA

|  |  |
|---|---|
| **UNITED STATES OF AMERICA** )<br>)<br>)<br>)<br>vs. )<br>)<br>)<br>)<br>Alex Wayne Smith, )<br>aka Alex Wayne Johnston ) | Case Number: 3:06CR36<br><br>**SUPPLEMENTAL**<br>DECLARATION IN SUPPORT OF PETITION |

I, Charlene Wortman, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Alex Wayne Smith, aka Alex Wayne Johnston, and in that capacity declare as follows:

On July 7, 2003, the offender was sentenced by the Honorable Gregory A. Oresnell, U.S. District Court Judge of the Middle District of Florida (Orlando), to 13 months imprisonment and three years supervised release for the crime of Conspiracy to Commit Bank Fraud. Additionally, the Court imposed restitution to Bank of America in the amount of $181,875.00 as part of the sentence.

On December 4, 2003, the sentence was reduced to five months imprisonment, three years supervised release and five months in a Community Corrections Center Program as a term of supervised release.

On January 7, 2004, the offender's supervised release commenced in the Middle District of Florida.

On January 5, 2005, Judge Oresnell issued a summons for the offender to answer to alleged violations of his supervised release. The violations included failure to file his monthly supervision reports, being discharged from the Community Corrections Program, and providing a urine specimen which tested positive for the marijuana.

On February 15, 2005, the offender's supervised release was revoked and the offender was sentenced to "time served" and placed back on supervised release. As part of the revocation order, the Court ordered the offender to be transferred to Nikiski, Alaska to serve the remainder of his supervised release.

On February 25, 2005, the offender arrived in Alaska and informed the probation office that he

had been ordered to live in Nikiski. Supervision was thereafter assumed in the District of Alaska.

On December 27, 2005, the offender committed the offenses of Assault in the 4th Degree, Criminal Mischief in the 4th Degree, and Interfering with a Domestic Violence Report.

On February 2, 2006, the jurisdiction in this case was transferred to the District of Alaska.

On February 9, 2006, the offender provided a urine sample that tested positive for marijuana. The offender initially denied using marijuana, but eventually admitted to eating a brownie that contained marijuana.

On April 2, 2006, the offender's conditions were modified to include a condition for mental health treatment and to provide for drug testing up to 12 times per month.

On April 25, 2006, the offender contacted the probation officer and reported he would be changing residences. The offender provided directions to his new residence in Soldotna, Alaska. During this conversation, the offender was put on notice that he must abide by all conditions of supervision, including paying restitution and not applying for new lines of credit without prior permission of the probation officer, or he would be returned to Court.

On June 21, 2006, the probation officer attempted to contact the offender at his new reported residence. The woman who answered the door reported that the offender did not live there. The probation officer contacted the offender's girlfriend, telephonically, who then reported a completely different address than what the offender had reported in April.

On June 26, 2006, at 9:53 p.m., the offender left the probation officer a voice mail message stating that he needed to travel to Oklahoma for training related to his employment and that he would e-mail the probation officer his itinerary; however, the offender did not have the probation officer's e-mail address to do this. The offender subsequently traveled to Oklahoma without prior permission from his probation officer or the court. Furthermore, according to the offender's girlfriend, the offender suffered a heart attack while in Oklahoma and was not able to participate in the training.

According to the Financial Litigation Unit (FLU) with the U.S. Attorney's Office in the District of Alaska, the defendant had not submitted a restitution payment since December of 2005. On July 31, 2006, FLU sent the offender a letter stating he was not in compliance with his restitution payment agreement.

According to a credit report inquiry, the offender applied for a line of credit with Citibank, on or about August 13, 2006. The offender did not have permission to do this.

On August 17, 2006, the probation officer contacted the offender at his residence. The offender submitted to a drug test that was positive for marijuana. The defendant admitted to using marijuana approximately a week ago. When asked where he gets his marijuana, the offender

stated he uses it when it is offered to him and that he never possesses any amount of the substance. When asked, the offender also stated that he submitted restitution payments a few weeks ago and that he was now current with his payments. According to FLU, the offender submitted $150 payment in August, but this does not account for prior missed payments.

On August 18, 2006, a Petition for Warrant for Offender Under Supervised Released was filed and a warrant was issued for the offender's arrest.

Shortly thereafter, the probation officer, assisted by Alaska State Troopers, contacted the offender at his residence. The warrant was executed and the defendant was placed under arrest. Subsequently, the probation officer searched the residence and found a marijuana pipe partially underneath the offender's bed. During his arrest inside the bedroom, the defendant attempted to kick the pipe completely underneath the bed, in order to hide it.

An inspection of the pipe revealed it contained a quantity of an unused substance suspected to be marijuana.

To date, the offender has not completed any amount of community work service ordered by the court.

Executed this 21st day of August, 2006, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

_____
Charlene Wortman
U.S. Probation Officer