PROB 12C
(7/93)

# United States District Court
## for the
## District of Alaska

AMENDED Petition for Warrant for Offender Under Supervised Release

*RECEIVED FEB 16 2007 CLERK, U.S. DISTRICT COURT ANCHORAGE, A.K.*

Name of Offender: Alex Wayne Smith aka Alex Wayne Johnston    Case Number: 3:06CR36 (JWS)

Sentencing Judicial Officer:    John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:    August 30, 2006 (revocation in District of Alaska)

Original Offense:    Conspiracy to Commit Bank Fraud

Original Sentence:    30 days imprisonment, 1 year supervised release (per revocation)

Date Supervision Commenced:    September 16, 2006

Asst. U.S. Attorney: Karen Loeffler, AUSA    Defense Attorney: Michael Dieni, AFPD

## PETITIONING THE COURT

*A warrant was issued on February 13, 2007, upon the filing of the original petition, Docket 19. The warrant was served on February 14, 2007, and the defendant is detained.*

The probation officer believes that the offender has violated the following condition(s) of supervised release:

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on or about September 28, 2006, the defendant used marijuana, as evidenced by a urinalysis that tested positive for marijuana. This violation is a Grade C violation. |
| 2 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on February 14, 2007, the defendant was found to possess a bong, a device used to ingest controlled substances. This violation is a Grade C violation. |

*Petition for Warrant or Summons*
*Name of Offender*    :    *Alex Wayne Smith aka Alex Wayne Johnston*
*Case Number*    :    *3:06CR36 (JWS)*

| | |
|---|---|
| 3 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on February 14, 2007, the defendant was found to possess a urinating device used to submit false or altered urine during a drug test. This violation is a Grade C violation. |
| 4 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on February 14, 2007, the defendant was found to possess a container with marijuana residue. This violation is a Grade C violation. |
| 5 | The defendant has violated the Standard Condition of Supervision 7, "The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance, or any paraphernalia related to any controlled substance, except as prescribed by a physician," in that on February 14, 2007, the defendant was found to possess a used box of "U R N Luck," a synthetic urine specimen which is used to defeat drug testing. This violation is a Grade C violation. |

U.S. Probation Officer Recommendation:

The term of supervised release should be:

[X]    Revoked
[ ]    Extended for _____ year(s), for a total term of _____ years.


Respectfully submitted,

**REDACTED SIGNATURE**
Charlene Wortman
U.S. Probation Officer
Date: February 15, 2007

Approved by:

**REDACTED SIGNATURE**
Eric D. Odegard
Supervising U.S. Probation Officer

*Petition for Warrant or Summons*
*Name of Offender      :    Alex Wayne Smith aka Alex Wayne Johnston*
*Case Number           :    3:06CR36 (JWS)*

THE COURT ORDERS

[ ]   *The WARRANT FOR ARREST be delivered to the U.S. Marshal's Service; and the petition, probation officer's declaration, and a copy of the warrant shall be sealed in the Clerk's file and disclosed only to the U.S. Attorney for their official use, until the arrest of the offender.* The petition for supervised release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[ ]   The issuance of a summons. The Petition for Supervised Release revocation is referred to the Magistrate Judge for initial appearance/preliminary hearing(s). The evidentiary hearing, if any, will be before the Magistrate Judge only upon consent; otherwise the evidentiary hearing will be before the undersigned District Court Judge.

[X]   **Other: The Petition filed as Docket 19 is amended by this petition and the original warrant is to remain in effect.**

[ ]   Other:

**REDACTED SIGNATURE**

John W. Sedwick
Chief U.S. District Court Judge

2-15-07

Date

**Supervised Release Cases:** Pursuant to 18.U.S.C. § 3401(I), the sentencing District Court may designate a Magistrate Judge to conduct hearings to modify, revoke, or terminate supervised release, including evidentiary hearings, and to submit to the Court proposed findings of facts and recommendations, including disposition recommendations.
**Probation Cases:** Pursuant to *United States v. Frank F. Colacurcio,* 84 F.3d 326, a Magistrate Judge has the authority to conduct a probation revocation hearing **only if** the following three conditions are satisfied: (1) the defendant's probation was imposed for a misdemeanor; (2) the defendant consented to trial, judgment, and sentence by a Magistrate Judge; and (3) the defendant initially was sentenced by a Magistrate Judge. Therefore, a District Court **may not** designate a Magistrate Judge to conduct revocation hearings on probation cases where a District Court was the sentencing Court.

United States District Court
for the
DISTRICT OF ALASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | Case Number: 3:06CR36 |
| vs. | ) | **AMENDED** |
| | ) DECLARATION IN SUPPORT OF PETITION |
| Alex Wayne Smith, | ) | |
| aka Alex Wayne Johnston | ) | |

I, Charlene Wortman, am the U.S. Probation Officer assigned to supervise the Court-ordered conditions of Supervised Release for Alex Wayne Smith, aka Alex Wayne Johnston, and in that capacity declare as follows:

On July 7, 2003, the offender was sentenced by the Honorable Gregory A. Oresnell, U.S. District Court Judge of the Middle District of Florida (Orlando), to 13 months imprisonment and three years supervised release for the crime of Conspiracy to Commit Bank Fraud. Additionally, the Court imposed restitution to Bank of America in the amount of $181,875.00 as part of the sentence.

On December 4, 2003, the sentence was reduced to five months imprisonment, three years supervised release and five months in a Community Corrections Center Program as a term of supervised release.

On January 7, 2004, the offender's supervised release commenced in the Middle District of Florida.

On January 5, 2005, Judge Oresnell issued a summons for the offender to answer to alleged violations of his supervised release. The violations included failure to file his monthly supervision reports, being discharged from the Community Corrections Program, and providing a urine specimen which tested positive for the marijuana.

On February 15, 2005, the offender's supervised release was revoked and the offender was sentenced to "time served" and placed back on supervised release. As part of the revocation order, the Court ordered the offender to be transferred to Nikiski, Alaska to serve the remainder of his supervised release.

On February 25, 2005, the offender arrived in Alaska and informed the probation office that he had been ordered to live in Nikiski. Supervision was thereafter assumed in the District of Alaska.

On February 2, 2006, the jurisdiction in this case was transferred to the District of Alaska.

On August 18, 2006, a Petition for Warrant for Offender Under Supervised Released was filed and a warrant was issued for the offender's arrest. The defendant was arrested that day.

On August 30, 2006, the defendant's term of supervised release was revoked and he was ordered to serve 30 days in jail followed by a one year term of supervised release.

The defendant's term of supervised release commenced September 16, 2006.

**On September 18, 2006, the defendant submitted to a urinalysis that tested negative for controlled substances.**

On September 28, 2006, the defendant submitted to a urinalysis that tested positive for marijuana, a controlled substance.

**On February 14, 2007, probation officers conducted a search of the defendant's residence. Found at the residence was a bong, a device used to ingest controlled substances. Also found at the residence was a urinating device used to submit false or altered urine during drug testing. The officers further found a container with marijuana residue and a prescription bottle with a white powder substance. The defendant's truck was searched and the officers found an empty package of "U R N Luck," a synthetic urine specimen which is used to defeat drug testing.**

Executed this 15th day of February, 2007, at Anchorage, Alaska, in conformance with the provisions of 28 U.S.C. § 1746.

I declare, under penalty of perjury, that the foregoing is true and correct, except those matters stated upon information and belief, and as to those matters, I believe them to be true.

**REDACTED SIGNATURE**

Charlene Wortman
U.S. Probation Officer