Michael Dieni
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>vs.<br><br>ALEX WAYNE SMITH<br>a/k/a ALEX WAYNE JOHNSTON,<br><br>            Defendant. | Case No. 3:06-cr-0036-JWS<br><br>**DEFENDANT SMITH'S OPPOSITION TO MOTION TO AMEND ORDER AT DOCKET 48** |

Defendant, Alex Wayne Smith a/k/a Alex Wayne Johnston, by and through counsel Michael Dieni, Assistant Federal Defender, opposes the government's motion to amend the court's order at Docket 48.  The position taken by the government and Scientific Testing is incorrect.  Mr. Smith insists that the court order at Docket 48 should stand, and Scientific Testing, now dba as "Kroll," should comply or be held in contempt of court.

At the outset it is important to note that the lab chosen by Mr. Smith is competent.  They will use the GCMS testing method that is the standard in the industry.  When the government non-opposed Mr. Smith's motion at Docket 47 to compel Scientific Testing to send the sample to Intermountain, the government did not challenge

Intermountain's ability to do the work. Nor does the government challenge the competence of Intermountain to do this work now. For the court's review, the resumes of Dr. Grimsbo, the head of Intermountain, and his associate, the person who will do the retesting, are attached. Exhibit A. The only issue raised is whether Mr. Smith is required to hire a lab that is a member of SAMSHA.

The government's reliance upon 18 U.S.C. § 3563(e) and 18 U.S.C. § 3583(d) is mistaken for at least two reasons. Foremost, the statute does not apply to Mr. Smith. It directs the government (federal probation) to follow certain procedures in monitoring a person on supervised release. The statute says nothing about what Mr. Smith is permitted to do to challenge the government's evidence in the context of a petition to revoke supervised release..

The relevant portion of the statute is set forth below:

> The results of a drug test administered in accordance with subsection (a)(5) shall be subject to confirmation only if the results are positive, the defendant is subject to possible imprisonment for such failure, and either the defendant denies the accuracy of such test or there is some other reason to question the results of the test. A defendant who tests positive may be detained pending verification of a positive drug test result. A drug test confirmation shall be a urine drug test confirmed using gas chromatography/mass spectrometry techniques or such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy.

In context, a drug test from section (a)(5) refers simply to the drug testing requirement for conditions of supervision. The procedure that the government follows, based upon this statute, is to conduct a simple presumptive test and then, if that test is

positive, the government is required to do a GCMS confirmation test using a SAMSHA laboratory. Both of those steps, which are the obligation of probation, have already occurred here.

At issue is not how the government does it's work. The question is whether the government has the right or power to dictate how Mr. Smith goes about retesting the sample. The statute does not limit Mr. Smith to a SAMSHA laboratory. Frankly, even if it did, Mr. Smith is complying with the statute by using a laboratory that will use the GCMS system. The statute specifies only that,

> A drug test confirmation shall be a urine drug test confirmed using gas chromatography/mass spectrometry techniques or such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy.

GCMS is the state of the art, and Intermountain will use GCMS to do the retest. In all likelihood, the real issue raised is the possibility of human error in the handling or reporting of the sample.

Mr. Smith has selected Intermountain because it has a reputation for being honest and careful. They are certified by a different organization, Clinical Laboratories Improvement Amendment (CLIA). The CLIA certification is similar to SAMSHA, but is designed for smaller laboratories.

Counsel for Mr. Smith has repeatedly conversed with representatives of Scientific Laboratories (now dba "Kroll") and has attempted to explain to them that Mr. Smith is not a party to their contract with the U.S. Courts, and that they do not breach their

contract by following this court's order at Docket 48. The last word counsel received is that they were taking the matter under advisement.

Apparently, Scientific Laboratories is getting incorrect legal advice. Their contract with the U.S. Courts does not control Mr. Smith's choice of laboratories. The confirmatory testing language of 18 U.S.C. §§ 3563(e) and 3583(d) only serves to define the manner in which the government is required to handle UA samples. It is not binding on Mr. Smith.

Mr. Smith must retest the sample. He has a Due Process right to inspect and reexamine the evidence, and the government has no right to dictate the laboratory he chooses to use to do so. Mr. Smith has selected a competent laboratory that uses the same type of machinery used by the government's laboratory.

Mr. Smith requests that the court convene a show cause hearing in the event Scientific Laboratories does not immediately comply with this court's order at Docket 48.

DATED this 27th day of April 2007.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA

/s/ Michael D. Dieni
Assistant Federal Defender
Alaska Bar No. 8606034
601 West 5th Avenue, Suite 800
Anchorage, AK  99501
Ph:  (907) 646-3400
Fax:  (907) 646-3480
mike_dieni@fd.org

Certification:
I certify that on April 27, 2007,
a copy of the foregoing document,
with attachments, was served
electronically on:

Retta-Rae Randall, Esq.

/s/ Michael D. Dieni