**MINUTES OF THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

<u>     UNITED STATES OF AMERICA     </u>    v.    <u>     ALEX WAYNE SMITH     </u>

THE HONORABLE JOHN W. SEDWICK    CASE NO.   <u> 3:06-cr-00036-JWS </u>

<u>   Deputy Clerk   </u>                <u>   Official Recorder   </u>

<u>   Pam Richter           </u>         <u>                        </u>

APPEARANCES:    for PLAINTIFF:   ----

                for DEFENDANT:   ----

PROCEEDINGS:    **ORDER FROM CHAMBERS**

Defendant sought an order which would permit Intermountain Forensic Laboratories, Inc. of Portland, Oregon ("IFL") to retest a urine specimen which is the basis for an alleged violation of defendant's conditions of supervised release. The motion was not opposed. At docket 48, the court ordered the custodian of the specimen, Scientific Testing Laboratories of Richmond, Virginia ("STL"), to forward the specimen and chain of custody documentation to IFL.

STL has not yet complied with the court's order. At docket 75, the United States asks the court to amend the order by requiring defendant to use a laboratory other than IFL, one which is certified by the Substance Abuse and Mental Health Services Administration (the Agency"), an agency within the Department of Health and Human Services. The motion is opposed.

The basis for the motion is 18 U.S.C. 3583(d) which the United States reads to require use of a drug testing laboratory approved by the Agency. The court, however, agrees with defendant. The statute does not impose such a requirement. The statute addresses testing methods, not the identity of those who may administer tests. The statute says that a confirmation test must be accomplished by "using gas chromatography/mass spectrometry techniques **or** such test as the Director of the Administrative Office of the United States Courts after consultation with the Secretary of Health and Human Services may determine to be of equivalent accuracy." (bold emphasis added) According to defendant, IFL will employ the gas chromatography/mass spectrometry technique in its testing. Thus, a test by IFL would be one which complies with the statute.

[FORMS*IA*]

The motion at docket 75 is **DENIED**.  The United States shall require STL to promptly comply with the order at docket 48.

The motion at docket 79 for an order to show cause is premature and is hereby **DENIED** without prejudice to a new motion in the event that STL's failure to comply with the order at docket 48 is not promptly rectified.

|  |  |
|---|---|
| DATE:  April 30, 2007 | ENTERED AT JUDGE'S DIRECTION<br>INITIALS:  prr<br>Deputy Clerk |

[FORMS*IA*]