

PROB 12B
(7/93)

# United States District Court
## for the
## District of Alaska



RECEIVED
JAN 0 2 2008
CLERK, U.S. DISTRICT COURT
ANCHORAGE, A.K.

Request for Modification of Conditions or Term of Supervised Release
with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: Alex Wayne Smith                Case Number: 3:06-cr-00036-01 JWS

Sentencing Judicial Officer:   John W. Sedwick, Chief U.S. District Court Judge

Date of Original Sentence:     July 7, 2003 (Middle District of Florida)

Original Offense:              Conspiracy to Commit Bank Fraud, 18 U.S.C. § 371

Original Sentence:             13 months incarceration, 3 years supervised release, $181,875 restitution

Date Supervision Commenced:    January 7, 2004 (original term)
                               September 10, 2007 (current term)

### PETITIONING THE COURT

[ ]   To extend the term of supervised release for _____ years, for a total term of _____ years.
[X]   To modify the conditions of supervised release as follows:

"The defendant shall participate in the home confinement program for a period of 60 days and shall abide by all the assigned components of the program, which will include electronic monitoring or other location verification system. The defendant shall be released from his residence for employment, and any other reason if pre-approved by the probation officer. The defendant shall be responsible for the cost of electronic monitoring."

### CAUSE

On July 7, 2003, the defendant was sentenced by the Honorable Gregory A. Presnell, U.S. District Court Judge of the Middle District of Florida, Orlando, to 13 months imprisonment and three years supervised release for the crime of Conspiracy to Commit Bank Fraud. Additionally, the Court imposed restitution to Bank of America in the amount of $181,875.00.

On December 4, 2003, the sentenced was reduced to five months imprisonment, three years supervised release, and five months in a Community Corrections Center (CCC) as a term of supervised release.

On January 7, 2004, the defendant's original term of supervised release commenced in the District of Florida.

On January 5, 2005, a Petition for Summons was filed alleging the defendant violated his conditions of supervision by using marijuana, failing to submit monthly supervision reports, and failing to reside at the CCC. During the initial hearing, the defendant was ordered detained. An evidentiary hearing was held before U.S. Magistrate Judge James G. Glazebrook. According to Magistrate Judge Glazebrook's "Report and Recommendation," the defendant was found to have violated conditions by using marijuana and failing to submit monthly supervision reports. Although the defendant had been removed from the CCC for possessing a cell phone and other rule violations (code 312 "insolence toward staff members" and code 313 "lying or providing a false statement to a staff member"), the defendant testified that the CCC staff had issued him "in-house" punishment to address these violations. Since the probation officer had no prior knowledge of the alleged "in-house" punishment, the Government was not prepared to address this issue at the evidentiary hearing. As a result, the Court concluded the allegation was not adequately proved.

On February 15, 2005, the defendant's term of supervised release was revoked and the defendant was sentenced to "time served"and placed back on the term of supervised release. As part of the revocation order, the Court recommended the defendant to be transferred to Nikiski, Alaska, to serve the remainder of his supervised release. According to probation records, the defendant's attorney in Florida represented that the defendant's term of supervision would be readily accepted in the District of Alaska (although this was not the understanding of the U.S. Probation Office in the District of Alaska), and the defendant's mother presented a video to the Court depicting Alaska, with the indication that Alaska was a more appropriate place for the defendant to reside.

On February 25, 2005, the defendant arrived in Alaska, and supervision was thereafter assumed in the District of Alaska.

On February 2, 2006, the jurisdiction in this case was transferred to the District of Alaska. This was initiated after the defendant was convicted of Domestic Violence in the Fourth Degree.

On August 18, 2006, a Petition for Warrant for Offender Under Supervised Release was filed, and a warrant was issued for the offender's arrest.

On August 30, 2006, the defendant's term of supervised release was revoked and he was ordered to serve 30 days in jail followed by a one-year term of supervised release. The revocation was a result of the defendant admitting to using marijuana and possessing a marijuana pipe and a small amount of marijuana.

The defendant's second term of supervised release commenced September 16, 2006.

On September 10, 2007, the offender was found in violation of his term of Supervised Release for Possessing Drug Paraphernalia (3 violations). The Court imposed a "time served" sentence and re-imposed an additional year of supervised release, which commenced that day. Since the disposition hearing, the offender has submitted three monthly supervision reports (September, October, and November 2007) indicating that his "residence" was in Palmer, Alaska. On December 6, 2007, the probation officer learned that the offender did not "live" in Palmer as he had been reporting. On December 13, 2007, the offender admitted that he had not been living in Palmer because he had gotten married and his new wife's parents did not know of his status on supervision. He admitted that he had been living in Anchorage with his new wife's mother since his revocation hearing. The probation officer

proposed the aforementioned modification of supervision as an appropriate sanction for failure to "submit a complete and truthful" monthly supervision report rather than take up the Court's time for a fourth revocation hearing in this case.

          Respectfully submitted,

**REDACTED SIGNATURE**

Eric D. Odegard
U.S. Probation/Pretrial Services Officer
Date: December 26, 2007

**THE COURT ORDERS:**

[ ] No Action
[ ] The Extension of Supervision as Noted Above
[✓] The Modification of Conditions as Noted Above
[ ] Other:

REDACTED SIGNATURE

John W. Sedwick
Chief U.S. District Court Judge

Date: 12/29/07

-4-

PROB 49

Waiver of Hearing to Modify Conditions
of Probation/Supervised Release or Extend Term of Supervision

# UNITED STATES DISTRICT COURT
## for the
# DISTRICT OF ALASKA

**U.S.A. v Alex Wayne Smith aka Alex Wayne Johnston     Docket No. 3:06-cr-00036 -01 JWS**

I, _Alex Wayne Smith_, have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my conditions of supervised release or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the Court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my conditions of supervised release or to the proposed extension of my term of supervision:

The defendant shall participate in the home confinement program for a period of 60 days and shall abide by all the assigned components of the program, which will include electronic monitoring or other location verification system. The defendant shall be released from his residence for employment, and any other reason if pre-approved by the probation officer. The defendant shall be responsible for the cost of electronic monitoring.

Signed: _[signature]_   Date: _12-27-07_
Alex Wayne Smith
aka Alex Wayne Johnston

Witness: **REDACTED**   Date: _12-27-07_
Eric D. Odegard
U.S. Probation/Pretrial Services Officer